[No. 15588. Department Two. May 19, 1920.]

JOHN NORDSTROM, *Respondent and Cross-Appellant*, v.
ARON H. HOVER, *Appellant*.[1]

EXCHANGE OF PROPERTY (2)—REMEDIES—FRAUD—RESCISSION. A contract for the exchange of properties may be rescinded for false representations that land was valuable farming land capable of being cropped and with a crop on it worth $10,000, where the same was relied upon without examination of the land which was at a distance.

Cross-appeals from a judgment of the superior court for Spokane county, Blake, J., entered January 7, 1919, upon findings in favor of the plaintiff, in an action for rescission of a contract of exchange of lands, tried to the court. Affirmed.

*Hamblen & Gilbert*, for appellant.

*Fred M. Williams* and *Reuben Crandell*, for respondent.

MOUNT, J.—This action was brought by the plaintiff to rescind a contract of exchange of real estate and to recover from the defendant the value of land deeded by the plaintiff to the defendant. A number of persons were made parties defendant, but upon the trial of the case, all of these parties except Aron H. Hover

[1]Reported in 189 Pac. 999.

were dismissed because there was no evidence that they had any interest in the transaction.

The main facts necessary to be considered are substantially as follows: On June 6, 1918, the plaintiff and the defendant entered into a contract for the exchange of properties. The plaintiff owned 160 acres of timber land in Idaho. The defendant had an option to purchase 480 acres of land in the state of Montana. The defendant represented to the plaintiff that this Montana land was fine farming land; that all except forty acres of it was capable of being cultivated; that it was worth $40 an acre; that there was a crop of wheat growing upon 120 acres of the land, and that this crop was worth $10,000. Neither party saw the land of the other prior to the contract of exchange, and each relied upon the representations of the other. After the exchange had been made, the plaintiff went to Montana and examined the land that he had agreed to receive from the defendant, and found that it was not good farming land; that there was no crop thereon of any value; and that the land was not worth $40 per acre, or anything like that amount. He thereupon demanded a rescission. The defendant had in the meantime sold, for $4,000, the timber land in Idaho that he had received from the plaintiff. He refused to rescind the contract, and this action was brought. The case was tried to the court without a jury, and the court found that the defendant, Aron H. Hover, had falsely and fraudulently represented to the plaintiff that the land in Montana was fine farming land of the value of $40 per acre; that the plaintiff relied upon these representations and was induced thereby to enter into the contract; that the plaintiff, in exchange for the Montana land, delivered to the defendant the Idaho land, which the trial court found to be of the value of $4,000. The court then entered a decree rescinding

the contract, and gave judgment in favor of the plaintiff against the defendant for $4,000. Each of the parties has appealed from this judgment.

The defendant argues that the facts are insufficient to warrant the court in finding any misrepresentation of the Montana land. The plaintiff argues that the trial court should have found the Idaho land to be worth more than $4,000.

These are questions of fact entirely. We think the trial court was fully justified, under the evidence, in finding that the defendant misrepresented the character and value of the Montana land; and it is plain that the plaintiff relied wholly upon the representations made by the defendant in that regard. There is a letter in the record which, unexplained, tends to show that the plaintiff did not rely upon the representations of the defendant in regard to the character of the Montana land; but we are satisfied this letter was signed by the plaintiff without any knowledge of its contents. Upon the whole record, we are satisfied that the trial court properly found in favor of the plaintiff.

We are also satisfied that $4,000 was a fair cash value of the timber land in Idaho deeded by the plaintiff to the defendant. It is true there is some evidence in the record to the effect that the timber upon the Idaho tract was worth $5,400, and that the land without the timber was worth something like $10 per acre; but these, we think, were speculative values, and the court properly found that the selling price by the defendant, namely, $4,000, was the actual value of the land.

We find no error, and the judgment appealed from is in all respects affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.